# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

TALAWRENCE T. VICKERS,

    Plaintiff,

v.

ANGELYN CURRY; MR. REYNOLDS; and
DERRICK MCKINNEY,

    Defendants.

CIVIL ACTION NO.: 6:18-cv-82

## **O R D E R**

The Court has conducted an independent and *de novo* review of the entire record and concurs with the Magistrate Judge's Report and Recommendation, (doc. 10). Plaintiff filed Objections to this Report and Recommendation, (doc. 11).

The Magistrate Judge recommended the Court dismiss without prejudice Plaintiff's Complaint because he failed to fully and truthfully disclose his litigation history. (Doc. 10, pp. 4–6). In his Objections, Plaintiff attempts to cure his lack of candor by asserting that two of the cases the Magistrate Judge identified as having been filed prior to the filing of Plaintiff's Complaint in this case were "essentially compiled into (one) civil action," which is the case he did disclose. (Doc. 11, pp. 1–2.) In addition, Plaintiff asserts the filing of Vickers v. Jacobs, 4:14-cv-00122, "arose more so from a supplemental pleading/amended claim, pursuant to Rule ___ of the Fed. R. of Civ. Pro." (Id. at p. 2.) According to Plaintiff, his explanations regarding the filing of five previous causes of action "essentially corroborate" his "listing of one action sufficient in the satisfaction of federal requirements." (Id.)

Plaintiff's attempt to now disclose what he previously failed to disclose cannot "serve to overlook [Plaintiff's] abuse of the judicial process." Hood v. Tompkins, 179 F. App'x 818, 819 (11th Cir. 2006). The Magistrate Judge noted Plaintiff's complaint in Case Number 1:12-cv-00634 was docketed as a supplement to his complaint in Case Number 1:12-cv-630. (Doc. 10, p. 4 n.1.) Even if the Court were to accept the filings of these two causes of action to have merged into a single cause of action, Plaintiff cannot account for failing to disclose the two other causes of action the Magistrate Judge identified, 1:13-cv-01668 and 4:14-cv-00122. What is more, this Court's review of these causes of action reveals that the District Court for the Northern District of Georgia dismissed Plaintiff's complaint in Case Number 1:13-cv-01668 based on his failure to exhaust his administrative remedies. R. & R. and Order, Vickers v. Sellers, 1:13-cv-01668 (N.D. Ga. Mar. 31 and Apr. 22, 2014), ECF Nos. 48, 51. The District Court for the Northern District of Georgia dismissed Plaintiff's complaint in Case Number 4:14-cv-00122—in which Plaintiff named different individuals as defendants than he did in Case Number 1:13-cv-01668—under 28 U.S.C. § 1915(g), or the three strikes rule. R. & R. and Order, Vickers v. Jacobs, 4:14-cv-00122 (N.D. Ga. May 29 and June 16, 2014), ECF Nos. 5, 8.

Plaintiff simply failed to disclose all causes of action he filed prior to the filing of his Complaint in this cause of action. As the Magistrate Judge noted, "The plain language of the Complaint form is clear, and Plaintiff failed to answer fully and truthfully." (Doc. 10, p. 6 (citing Doc. 1, p. 2).).

Accordingly, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **DISMISSES without prejudice** Plaintiff's Complaint, **DENIES as moot** all other pending motions, and **DENIES** Plaintiff *in forma pauperis* status on appeal.

The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**SO ORDERED**, this 5th day of February, 2019.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA